# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN RAY BROWN SR., | No. 1:17-cv-00763-DAD-SAB |
| Plaintiff, | |
| v. | ORDER |
| KHAMPHA THEPHAVONG, D.O., | (Doc. No. 4, 6) |
| Defendant. | |

This matter is before the court on defendant's motion to dismiss (Doc. No. 4) and plaintiff's motion to remand. (Doc. No. 6.) A hearing on the motion was held on August 15, 2017. Plaintiff appeared in *pro se* and attorney Benjamin E. Hall appeared on behalf of defendant. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will deny plaintiff's motion to remand and grant defendant's motion to dismiss without prejudice.

**BACKGROUND**

Plaintiff, Franklin Ray Brown Sr., alleges that on February 10, 2017, defendant, Khamoha Thephavong, D.O., entered false information into plaintiff's medical file causing him harm. (Doc. No. 1-1 at 7–9, Ex. 1.) Plaintiff initially filed suit in Fresno County Superior Court alleging general negligence and professional negligence against the named defendant. (*Id.* at 5.) Plaintiff

1

seeks compensatory damages and punitive damages in the amount of $4,500. Defendant removed this action to federal court on June 1, 2017. (*Id.*) Along with its notice of removal, defendant filed a Certificate of Scope of Employment through a designee of the United States Attorney certifying that Dr. Thephavong was acting within the scope of her employment with the United States Department of Veterans Affairs at the time of the alleged incidents giving rise to plaintiff's claim. (Doc. No. 1-2 at 2, ¶ 2, Ex. 2.) Defendant maintains that certification effects the substitution of the United States as the proper defendant and that redress under the Federal Tort Claims Act ("FTCA") is the exclusive remedy for plaintiff's claims. (*Id.* at 2–3, ¶ 3.) Defendant filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on June 6, 2017. (Doc. No. 4.) Plaintiff did not file an opposition to the motion to dismiss. Plaintiff did filed a motion to remand on July 5, 2017. (Doc. Nos. 6, 7, 8.) Defendant filed its opposition to plaintiff's motion to remand on August 1, 2017. (Doc. No. 13.) Plaintiff did not file a reply. Below, the court will address the parties' arguments.

## MOTION TO REMAND

### A. Legal Standard

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Yocupico v. PAE Group, LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 552 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Jordan v. Nationstar Mortgage, LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1141 *et seq*. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 559 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeing removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07;

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67.

**B. Discussion**

The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment. *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941). Pursuant to the FTCA, the United States can thus be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Chadd*, 494 F.3d at 1109. Additionally, the FTCA "'vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.'" *Valdez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)); 28 U.S.C.A. § 1346(b)(1).

Pursuant to 28 U.S.C. § 2679(d)(2), for any civil action commenced in state court, whereupon the Attorney General has certified that the defendant was acting within the scope of employment, such action may be removed to federal district court at any time before trial. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743–45 (9th Cir. 1991). Further, the United States is substituted as the party defendant. *Id.* "'The Attorney General's certification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Rodriguez v. Kwok*, No. C 13-04976 SI, 2014 WL 889570, at *3 (N.D. Cal. Mar. 3, 2014) (quoting *Osborn v. Haley*, 549 U.S. 225, 231 (2007)). Certification may also be made by the United States Attorney's Office for the district where the civil action is brought. 28 C.F.R. § 15.4; *see, e.g.*, *D.V. v. Thompson*, No. 14-CV-02155-RMW, 2015 WL 5188126, at *1 (N.D. Cal. Sept. 4, 2015).

Here, David T. Shelledy, the Chief of the Civil Division of the United States Attorney's Office for the Eastern District of California filed a Certificate of Scope of Employment pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4. (Doc. No. 1-2 at 2, Ex. 2.) Therein, he certifies that he read the complaint originally filed by plaintiff in superior court. He further certifies that the

named defendant, Dr. Khampha Thephavong, D.O. "was acting within the scope of her employment with the U.S. Department of Veterans Affairs at the time of the alleged incidents giving rise to plaintiff's claims." (*Id.* at ¶ 2.) Plaintiff objects to the propriety of the certification on the grounds that because the information allegedly placed in his file by defendant involved a telephone call or communication that never took place, it could not be an act undertaken in the scope of Dr. Thephavong's employment. However, "[b]ecause a section 2679(d) certification is conclusive for purposes of removal, the Court may not remand the action regardless of any challenges plaintiff raises to the propriety of certification." *Rodriguez*, 2014 WL 889570, at *3 (citing *Osborn*, 549 U.S. at 231, 241–44). Accordingly, the court concludes that the FTCA is the exclusive remedy for plaintiff's claim and the certification filed by the United States Attorney's Office serves to substitute the United States as the proper defendant in place of Dr. Khampha Thephavong. (*Id.* at 2–3, ¶ 3.) Accordingly, the court will deny plaintiff's motion to remand.

## MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant, by motion, to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1068 (9th Cir. 2005). In a motion to dismiss for lack of subject matter jurisdiction, a defendant may either attack the allegations of the complaint or may attack the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 383 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether

4

the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 797 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *SafeAir for Everyone*, 373 F.3d at 1039.

Here, defendant brings a factual attack to the court's subject matter jurisdiction in that it argues plaintiff has not exhausted his administrative remedies.

**B. Discussion**

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Supreme Court has noted, "Congress intended to require complete exhaustion of executive remedies before invocation of the judicial process . . ." and that while the burden imposed on the judicial system "may be slight in an individual case, the statute governs the processing of a vast multitude of claims." *Id.* at 112; *see also Brady v. United States*, 211 F.3d 499, 502–03 (9th Cir. 2000) ("The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of courts.'" (quoting *Jerves*, 966 F.2d at 520)). Pursuant to 28 U.S.C. § 2675(a), suit against the United States for money damages alleging personal injury, death, or loss of property caused by negligent or wrongful acts or omissions of government employees acting in the scope of employment, shall not be made until the claimant has exhausted administrative remedies by "first present[ing] the claim to the appropriate federal agency." The claim must be "denied by the agency in writing and sent by certified or registered mail." *Id.*

The exhaustion of administrative remedies is a jurisdictional requirement that must be strictly adhered to. *Valdez-Lopez*, 656 F.3d at 855; *Brady*, 211 F.3d at 502–03 (9th Cir. 2000). "[T]he Supreme Court has described the FTCA's exhaustion requirement as a 'clear statutory command.'" *Valdez-Lopez*, 656 F.3d at 855 (quoting *McNeil*, 508 U.S. at 113). Administrative tort claims can be filed with the federal agency up to two years after they accrue. *Id.* at 857. Claims are deemed denied after six months of agency inaction. *Id.*; *Jerves*, 966 F.2d at 519.

/////

Defendant here provides the declaration of Vera Ivanova, the Risk Manager for Quality Management Services for the Veterans Affairs Central California Health Care System in Fresno. (Doc. No. 4-2 at 1, ¶ 1.) Therein, she ascertains that the Department of Veterans Affairs maintains a computerized database of administrative tort claims filed with the agency as part of its ordinary course of operations. (*Id.* at ¶ 2.) In this capacity, Ms. Ivanova is familiar with the system of records and has access to the database. (*Id.*) Upon conducting a computerized search of the tort claim database, Ms. Ivanova was unable to find any records filed by Mr. Brown Sr. or any representative of Mr. Brown Sr. (*Id.* at 2, ¶ 3.) As noted, plaintiff did not file an opposition to defendant's motion to dismiss. Moreover, at the hearing on the motion plaintiff conceded that he did not file an administrative claim with the Department of Veterans Affairs because he did not believe it was necessary. Accordingly, because plaintiff failed to exhaust his administrative remedies prior to filing suit, the court will grant defendant's motion to dismiss without prejudice to plaintiff's filing of a new action following administrative exhaustion.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand (Doc. No. 6) is denied and defendant's motion to dismiss (Doc. No. 4) is granted without prejudice to plaintiff's filing of a new action following proper administrative exhaustion.

IT IS SO ORDERED.

Dated: __August 18, 2017__                              _____
                                                        UNITED STATES DISTRICT JUDGE